IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **SHELLY VARNER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED AUTO WORKERS, UAW LOCAL 1853, and GENERAL MOTORS, LLC.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO. 1:25-cv-00050**<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE HOLMES** |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant General Motors, LLC's ("GM") motion for judgment on the pleadings (Doc. No. 24), brought under Federal Rule of Civil 12(c). Plaintiff Shelly Varner ("Varner") filed a response in opposition. (Doc. No. 28). GM did not file a reply. For the reasons discussed below, the motion (Doc. No. 24) is **DENIED**.

## I. BACKGROUND[1]

Varner has been employed by GM since November 1994. (Doc. No. 1). Varner is also a member of the United Auto Workers ("UAW") and the Local UAW. (*Id.*). In December 2020, Varner filed an action ("Varner I") against GM claiming alleged sex discrimination and retaliation with respect to her application to a Stationary Engineer ("SE") position. (*Id.*).

Varner I was settled and dismissed with prejudice in January 2024. (*Id.*). In March 2024, GM posted another SE position externally, which Varner alleges meant that GM could circumvent the Collective Bargaining Agreement ("CBA"). (*Id.*). Varner applied for the position, but GM did not acknowledge her application. (*Id.*). GM then offered the position to an internal male applicant,

---

[1] All facts herein are as alleged in the complaint (Doc. No. 1).

advising him to resign from his current position so that he could be hired as an external candidate. (*Id.*). That candidate did not resign and was not hired for the SE position. (*Id.*). GM ultimately hired an external candidate with less seniority and experience for the position. (*Id.*). GM stated that Varner was not eligible for the position because there was no "excess" in skilled trades. (*Id.*).

Varner filed this present lawsuit alleging sex discrimination based on disparate treatment and disparate impact theories, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(a) ("Title VII") and the Tennessee Human Rights Act (the "THRA"), Tenn. Code Ann. §4-21-101, *et seq.* (*Id.*).

## II. STANDARD OF REVIEW

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and determines "whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). Judgment on the pleadings is proper when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).

A motion to dismiss under Rule 12 is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense, in part because a complaint need not plead factual allegations to avoid an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 211–15 (2007); *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 607 (6th Cir. 2025); *Est. of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013); 5B Charles A. Wright et al., Federal Practice and Procedure § 1357, at 436 (5th ed. 2024). However, a motion to dismiss may

be granted if it is apparent from the face of the complaint that relief is barred by an affirmative defense. *Est. of Barney*, 714 F.3d at 926 ("[t]here is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law") (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009).

In considering a Rule 12(c) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008). Here, Defendant attached a copy of the first lawsuit ("Varner I") and a copy of the voluntary dismissal order from Varner I as exhibits to their present motion. (*See* Doc. No. 24 Ex. A-B). Varner refers to both the previous lawsuit and its dismissal in her complaint, and they are matters of public record. (*See* Doc. No. 1 ¶ 11). Accordingly, the Court may consider the previous lawsuit and dismissal in resolving the pending motion.

## III. ANALYSIS

GM moves for judgment on the pleadings on grounds that: (1) the doctrine of res judicata bars this present lawsuit; (2) all claims and related injuries were resolved via accord and satisfaction; and (3) Varner's claims fail as a matter of law. (Doc. No 24).

### A. Res Judicata

Res judicata has four elements: (1) final decision on the merits by a court of competent jurisdiction; (2) subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the previous action; and (4) identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A*., 537 F.3d 565,577-578 (6th Cir. 2008). Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c).

GM claims that Varner I was fully and finally resolved, as it was dismissed with prejudice via a settlement agreement. (Doc. No. 25). GM argues that the theory of this case, a "disparate impact" on women, is present in both actions, and that Varner's current claims arise from the same nucleus of operative facts as the prior litigation. Varner argues that res judicata is not applicable because the events giving rise to the instant action occurred after the first action was filed. (Doc. No. 28).

Accepting the assertions of the complaint as true, GM has not established that Varner's claims in this action are barred by res judicata. While there was a final decision on the merits in Varner I and this present action is between the same parties, Varner alleges facts that occurred after the settlement of Varner I. (*See* Doc. No. 1 ¶ 12-28). Moreover, it is not clear from the complaint that Varner's theory of disparate impact is based on the same underlying conduct as that alleged in Varner I. Accordingly, the judgment on the pleadings based on res judicata is denied.

**B. Accord and Satisfaction**

GM asserts that, through this present lawsuit, Varner is seeking additional damages for same allegations previously settled in an accord and satisfaction.

According to Tennessee's long-standing definition of an accord and satisfaction, an accord is an agreement whereby one of the parties undertakes to give or perform, and the other to accept in satisfaction of a claim, liquidated or in dispute, and arising either from contract or from tort, something other than or different from what he is or considers himself entitled to; and a satisfaction is the execution of such agreement. *Scipio v. Sony Music Entertainment, Inc*., 173 F. App'x 385, 393 (6th Cir. 2006). Like res judicata, accord and satisfaction is an affirmative defense. Fed. R. Civ. P. 8(c).

GM asserts that Varner resolved all claims and related alleged injuries via a settlement that ended Varner I, including reinstatement, frontpay, and compensatory damages. As discussed earlier, this instant lawsuit alleges new instances that occurred after the execution of the previous agreement. (*See* Doc. No. 1 ¶ 12-28; *see also* Doc. No. 28). Varner asserts that the claims here are based on actions that occurred after the time period covered by the previous settlement. (Doc. No. 28). Accordingly, it is not apparent that the claims are barred by accord and satisfaction, and Varner's claims will not be dismissed based on this defense.

**C. Disparate Impact**

GM argues Varner does not allege sufficient facts to support a disparate impact theory – specifically, that she does not allege discrimination against anyone other than herself and does not allege the existence of a facially neutral policy with a disparate impact on women. (Doc. No. 25 at 10). GM argues that because the disparate impact and retaliation claims are based on the same deficient allegations, both claims fail as a matter of law.

GM acknowledges that Plaintiff alleges that GM has "institute[ed] rules that have a disparate impact on women," and that there "is a causal connection between the external hiring policy and the adverse impact on women." (*Id*. (citing Compl. at 1 and ¶ 39)). GM contends, however, that these allegations are insufficient because Plaintiff must provide "statistical evidence" of a disparate impact. (*Id*. at 10-11). But most of cases GM cites for this proposition were decided on a developed evidentiary record, not at the pleadings stage. (*Id*. at 11-12 (citing cases decided on summary judgment or after a trial)).

GM points to only one case decided at the pleadings stage – *Hendricks v. Boy Scouts of America*, No. 3:15-cv-00304, 2015 WL 5459612 (N.D. Tex., Sept. 16, 2015). In *Hendricks*, the court dismissed the disparate impact claim because the plaintiff failed to "allege facts to show that

specific practices disproportionately affected a protected group and that the disparity cannot be justified by business necessity." 2015 WL 5459612, at *4. As an initial matter, *Hendricks* is an out-of-circuit, unpublished, district court opinion, with minimal discussion of the claim at issue; it is neither binding nor particularly persuasive. Even so, unlike that case, here Plaintiff alleges facts to show that GM's practices disproportionately affected a protected group. The Complaint includes allegations that GM had a facially neutral policy that resulted in the hiring of men and no women (including Plaintiff) into the SE positions.

At this stage, drawing all inferences in the light most favorable the Plaintiff, the Complaint contains allegations sufficient to state a claim for discrimination based on a disparate impact theory. Accordingly, the motion for judgment on the pleadings will be denied as to that claim. And, because GM argues it is entitled to judgment on the retaliation claim for the same reasons, the motion is also denied as to the retaliation claim.

**D. Attempted Discrimination**

GM also argues that Plaintiff's allegation that GM offered the SE position to a similarly situated male employee is not an adverse employment action for purposes of a discrimination claim because that employee did not accept the position. (Doc. No. 25 at 9). GM contends the allegations in the Complaint show that Plaintiff and this employee were "ultimately treated the same" because GM did not hire either of them, instead hiring a "true outside candidate." GM argues that, at most, "the only logical description" for those allegations is "attempted discrimination," which is not a cognizable claim. Plaintiff responds that her claim is based on GM's failure to hire *her*, and that allegations regarding GM's actions toward another employee are circumstantial evidence of its discriminatory intent, not a separate claim for "attempted discrimination."

Because Plaintiff's discrimination claim is based on GM's failure to hire her, not its unsuccessful attempt to hire another employee, the motion to dismiss the discrimination claim on this basis is denied.

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Doc. No. 24) is **DENIED.**

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE